# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JOHN J. ROH,

   Plaintiff,

v.              3:07-cv-1901 (CSH)

GEORGE DEVACK,

   Defendant.

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

  Plaintiff John J. Roh and Defendant George DeVack are the sole members of OLM, LLC ("OLM"), a Connecticut limited liability company ("LLC") engaged in developing and marketing internet websites. Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl. ¶ 5.) Plaintiff is a citizen of Illinois. (Compl. ¶ 1.) Defendant is a citizen of Connecticut. (Compl. ¶ 2.)

  Plaintiff is the minority member of OLM, owning twenty-six percent (26%) of the membership interest of OLM, while Defendant is the majority member, owning seventy-four percent (74%). Pursuant to the August 31, 1997 Operating Agreement executed by the parties to establish OLM, Defendant is the General Manager and has a duty "to devote such time to the business and affairs of OLM as is necessary to carry out the general manager's duties" (Compl. ¶ 11); to "keep complete and accurate books and records" (Compl. ¶ 12); to deliver to members at specified intervals profit and loss statements, balance sheets, and accountant's statements, and to make distributions to members and provide statements showing the amounts distributed to each member. (Compl. ¶¶ 13, 14.) Plaintiff contends that Defendant has failed to satisfy these obligations. (Compl. ¶¶ 18-22.)

Plaintiff has filed a six count complaint against Defendant for Breach of the Operating Agreement (Count One); Dissolution of OLM pursuant to Conn. Gen. Stat. § 34-207 (Count Two); Appointment of a Receiver (Count Three); Breach of Fiduciary Duty (Count Four); Breach of Contract to Purchase Membership Interest (Count Five); and for an Accounting pursuant to Conn. Gen. Stat. § 52-401 *et seq.* (Count Six).  The Court previously denied Plaintiff's partial summary judgment motion on Count Five, the breach of contract claim in which Plaintiff alleges that the parties reached a binding agreement in 2004 that Defendant would purchase Plaintiff's minority membership interest in OLM for $2.85 million, and that Defendant has "failed and refused to close on the purchase." (Compl. ¶ 17.)  *See* Ruling on Partial Motion for Summary Judgment, 2009 WL 3347105 (D. Conn. October 14, 2009).  Plaintiff seeks damages, injunctive relief ordering Defendant to specifically perform his obligations with respect to preparing and providing business records, dissolution of OLM, an accounting and the appointment of a receiver, as well as interest, costs, and attorney's fees.

Now pending is Defendant's motion pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(c) for Judgment on the Pleadings.  Defendant maintains that all but Count Five of the Complaint must be dismissed because Counts 1- 4 and Count 6 state causes of action that are derivative in nature or seek relief against the limited liability company itself, and thus OLM is a required party under Federal Rule of Civil Procedure 19.[1]  However, because the citizenship of a limited liability company is that of each of its members, OLM cannot be joined without destroying diversity, leaving the Court without subject matter jurisdiction.  Because the Court

---

[1] Defendant does not seek dismissal of Count Five because it states a direct claim for breach of contract between individual parties Roh and DeVack, so that OLM is not a necessary party to Count Five.

concludes that OLM is a required party whose joinder is not feasible and without whom the action cannot in equity and good conscience be permitted to proceed, Counts 1 - 4 and Count 6 are DISMISSED for the reasons stated herein.

Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, arguing that Counts 1-4 and 6 must be dismissed pursuant to Rule 12(b)(7) for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).[2] Federal Rule of Civil Procedure 19 "empowers a court to dismiss an action when it is impossible to join a party without which the action cannot equitably proceed." *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 644 (S.D.N.Y. 2008). Rule 19(a)(1) mandates the joinder of a "required party," and defines that phrase as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, OLM is a required party under Rule 19(a)(1)(B)(i) because it has a clear interest in the action, since the action seeks to have OLM dissolved, along with other requests for relief in which OLM is directly implicated, such as the demands for an accounting, the appointment of a

---

[2] Plaintiff has not contended that Defendant's motion, filed after Defendant had already filed an answer, is untimely. In any case, "[T]he absence of an indispensable party is considered to be so significant a defect that most courts have indicated that it may be raised for the first time subsequent to the trial or on appeal." *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 645 (S.D.N.Y. 2008) (citing Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed. 2008)).

receiver, and so forth. Furthermore, OLM has an interest because Plaintiff's claims of business mismanagement by Defendant, if true, could have impaired OLM's profitability and financial soundness. OLM will not be able to protect its interests if it is not a party to the action. See *Bartfield*, 578 F. Supp. 2d at 650 (holding that the LLC at issue in that case "is a necessary party under Rule 19(a) since it has an obvious interest in the derivative claims raised on its behalf, and would be unable in practice to protect that interest if not joined."). As the *Bartfield* court noted, "[The LLC] is a 'separate legal entity' with rights and obligations distinct from those of its members; the Court cannot presume its interests are not also distinct from those of its members." *Id.* (citations omitted). Therefore, it is not sufficient to argue, as Plaintiff has, that OLM's interests are adequately represented by the current parties, particularly in light of the contentions by each party that the other has mismanaged OLM or otherwise acted in a manner inconsistent with the interests of the LLC.[3]

Having concluded that OLM is a required party under Rule 19(a), the court must join it as a party unless doing so will deprive the court of subject matter jurisdiction. "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Cabrini Dev. Council v.*

---

[3] Plaintiff contends that Defendant has mismanaged OLM, by *inter alia* failing to devote sufficient time to running the business, not keeping adequate books and records, and not making and documenting distributions to members as required. (See Complaint.) In response, Defendant contends that Plaintiff "grossly mismanaged OLM's Chicago facility and breached his fiduciary duty to Defendant thereby causing problems and losses to OLM and ultimately to the Defendant." (Answer, First Defense) [Doc. 14] Defendant also maintains that Plaintiff now works for a competitor of OLM. [Doc. 53 at 3]. As in *Bartfield*, OLM as an LLC is a separate legal entity and its interests are squarely implicated by the case at bar.

*LCA-Vision, Inc.*, 197 F.R.D. 90, 93 (S.D.N.Y. 2000)). Here, Plaintiff and Defendant are both members of OLM, LLC. Plaintiff is a citizen of Illinois and Defendant is a citizen of Connecticut, making OLM a citizen of both Illinois and Connecticut, which means that joining OLM as a party would destroy the Court's diversity jurisdiction, regardless of whether OLM was designated a plaintiff or a defendant. See *Bischoff*, 436 F. Supp. 2d at 634 ("[A]s long as [the plaintiff LLC member] may bring derivative claims on behalf of [the LLC], then [the LLC] is a true defendant that destroys complete diversity.") (citations omitted).

Under Rule 19(b), "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The factors for the Court to consider in making this determination include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "Applying these factors, courts appear unanimous in concluding that the party on whose behalf a derivative claim is brought is indispensable and one whose absence warrants dismissal." *Bartfield*, 578 F. Supp. 2d at 650 (citations omitted).[4] "Whether a claim is

---

[4] The *Bartfield* court explained the distinction between a direct and derivative action as follows: "Generally, an individual only has standing to bring suit when a wrongful act injures a legal right or property interest he holds. . . . However, the common law often gives an individual standing to bring a 'derivative' action on behalf of a legal entity, such as a corporation, in which

derivative or direct is a question of state law." *Id.* at 645 (citations omitted).

Connecticut courts have concluded that the rules pertaining to when shareholder derivative actions, rather than direct actions, must be brought apply to limited liability companies as well as to corporations:

> In Connecticut, in order for shareholders of a corporation to bring a direct or personal action against the corporation or its directors, the shareholder must allege an injury that is separate and distinct from that suffered by other shareholders or the corporation itself. If the injury is not separate and distinct, the shareholder is required to bring a shareholder derivative suit alleging injuries to the corporation or to the shareholders collectively. Although this rule is well-established with respect to corporations, there is a dearth of Connecticut authority as to whether it applies to limited liability companies ("LLCs"). Therefore, this case raises important questions regarding the applicability of this rule to members of a LLC, specifically where one member of the LLC seeks to sue, among others, the other two members of the LLC for mismanagement and misappropriation of the LLC's assets. For the reasons set forth below, the court concludes that the plaintiff in this case may not maintain a direct action against the majority members, but instead is obligated to assert his claims in a derivative suit.

*Ward v. Gamble*, 2009 Conn. Super. LEXIS 2091, 1-2 (Conn. Super. Ct. July 23, 2009); see also *Newlands v. NRT Assocs., LLC*, 2010 Conn. Super. LEXIS 772, 11 (Conn. Super. Ct. Mar. 25, 2010) ("The court concludes in the present action that the law pertaining to derivative actions applies to limited liability companies."); *Wasko v. Farley*, 108 Conn. App. 156, 170, 947 A.2d 978 (2008) ("[a] limited liability company is a distinct legal entity whose existence is separate from its members . . . A limited liability company has the power to sue or be sued in its own name . . . A member may not sue in an individual capacity to recover for an injury the basis of which is a wrong to the limited liability company.") (citations omitted).

---

he holds an interest if that entity would be the only party entitled to bring a direct suit and has failed to do so. In a derivative action, the corporation is an indispensable party." 578 F. Supp. 2d at 645 (citations omitted).

In the instant case, the minority member of an LLC has attempted to bring a direct action against the majority member of the LLC, asserting claims which, although Plaintiff attempts in his briefs to characterize them otherwise, essentially amount to a charge of business mismanagement. Plaintiff maintains that his claims are not derivative but rather arise from Defendant's "express and continuing breaches of his own personal duties and obligations under the Operating Agreement between Roh and DeVack, not DeVack's general fiduciary duties and obligations to the limited liability company and other members as Managing Member. Therefore Roh's claims are direct because they arise from a special relationship - the contractual relationship - that exists between Roh and DeVack, and they may be pursued individually." [Doc. 55 at 1]

In fact, the OLM, LLC Operating Agreement [Doc. 55, Ex. A] appears to be a rather standard form contract which requires Defendant, in his role as General Manager, to fulfill certain management duties with respect to the LLC, such as keeping the books accurately, preparing and circulating necessary financial reports, spending adequate time running the business, making timely distributions to members, and so forth. The Operating Agreement makes clear that these obligations are to all the members of the LLC, not to Plaintiff personally. Indeed, the Operating Agreement provides for the possibility that other members may be added to whom the same obligations would be owed. "Member" is defined as "each Person signing this Agreement and any Person who subsequently is admitted as a member of the Company." (Op. Agmt. Article I, p. 4.)

While it happens that Plaintiff and Defendant are the only members, that does not mean that a "special relationship" exists between them that changes the derivative nature of the claims.

Nor does it mean that Defendant's obligations as General Manager, as set forth in the Operating Agreement, are to Plaintiff personally rather than to the LLC itself and to all its members. "[P]laintiff's allegations, if proven, would demonstrate harm to [the LLC] itself, and therefore derivatively, to all of the members' interests in [the LLC]. Therefore, the plaintiff has not alleged injuries that are separate and distinct from those to [the LLC]." *Ward v. Gamble*, 2009 Conn. Super. LEXIS 2091, 16 (Conn. Super. Ct. July 23, 2009) (citing *Smith v. Snyder*, 267 Conn. 456, 839 A.2d 589 (2004)). This is a derivative suit for business mismanagement and must be brought as such, consistent with Connecticut law, rather than as a direct action.

Indeed, permitting Counts 1- 4 and 6 to be maintained as a direct action in federal court would have the inequitable effect of excluding an indispensable party, namely OLM, from the proceedings, because OLM cannot be joined without eliminating this Court's jurisdiction. A judgment rendered in OLM's absence might prejudice OLM if, as Plaintiff seeks, OLM is dissolved or if other requested relief is ordered against OLM or that directly impacts OLM. Plaintiff has not identified any means by which the prejudice to OLM could be lessened or avoided by protective provisions in the judgment or by otherwise shaping the relief. A judgment rendered in OLM's absence would not be adequate in that it is not clear that this Court could order the dissolution of or otherwise exercise authority over an independent legal entity which had not been party to the underlying action.

The final consideration under Rule 19(b) is whether Plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Defendant has asserted that if Counts 1-4 and 6 are dismissed because OLM cannot be joined, "Roh can continue to pursue those claims in state court where OLM can be a party." [Doc. 52-1 at 9] Plaintiff has not contested this

statement or identified any reason why the counts at issue could not be brought in state court. In light of these considerations, the Court concludes that this action cannot in equity and good conscience be permitted to proceed absent OLM, LLC as a party. Because OLM cannot be joined without destroying diversity, Counts 1-4 and 6 are hereby DISMISSED without prejudice to re-filing in state court.

**DISCOVERY MOTIONS**

Also pending are Plaintiff's Motions to Compel and for Sanctions [Docs. 48 & 50] pursuant to Federal Rules of Civil Procedure 34 and 37, relating to Defendant's failure to produce to Plaintiff in discovery "the monthly, quarterly, year-to-date, and annual financial statements of OLM for the years 2006, 2007, 2008 and 2009, including all balance sheets, income statements and statements of cash flow" [Doc. 48 at ¶ 14], which Plaintiff contends violates the Court's Order of October 22, 2008. Plaintiff seeks production of the documents, as well as an order of default against Defendant on the issue of liability, as a sanction for non-compliance.

Plaintiff's Motions to Compel and for Sanctions [Docs. 48 & 50] are hereby DENIED AS MOOT. The only remaining claim over which this Court has jurisdiction is Count Five for Breach of Contract to Purchase Membership Interest, alleging that the parties reached a binding agreement in 2004 that Defendant would purchase Plaintiff's minority membership interest in OLM. It is undisputed that Defendant has provided Plaintiff with all the requisite financial statements through 2005. The financial statements from 2006 onward have no relevance to the sole remaining claim about the 2004 purchase negotiations, and therefore the discovery motions related to the financial statements from 2006 through the present are denied as moot.

Also pending is Defendant's Motion for a Protective Order. Defendant moves that discovery into OLM's financial records from 2006 onward be stayed until the Court's ruling on Defendant's Motion for Judgment on the Pleadings. As the Court has now ruled on the Motion for Judgment on the Pleadings, Defendant's Motion for a Protective Order [Doc. 54] is hereby DENIED AS MOOT.

**CONCLUSION**

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings [Doc. 52] is GRANTED. Counts 1, 2, 3, 4, and 6 are dismissed without prejudice to re-filing in state court. Count Five remains pending in this Court. Discovery is closed. Plaintiff has already filed a motion for summary judgment relating to Count Five, which was denied. The Court notes that there is no jury demand on file. The parties are ordered to confer and to jointly file with the Court on or before January 14, 2011 a proposal for the deadlines in this case going forward.

It is SO ORDERED.

Dated: New Haven, Connecticut

December 3, 2010

                                        */s/ Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge