UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. ROH,<br><br>    Plaintiff,<br>v.<br><br>GEORGE DEVACK,<br><br>    Defendant. | 3:07-cv-1901 (CSH) |

## RULING ON MOTION TO DISMISS WITHOUT PREJUDICE

HAIGHT, Senior District Judge:

  Now pending is Plaintiff John Roh's motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss the case without prejudice [Doc. 66], which is DENIED for the reasons stated herein.

**BACKGROUND**

  The complaint in this diversity action was filed on December 26, 2007. [Doc. 1] The Court has issued two prior rulings which detail the allegations therein, familiarity with which is assumed. [Docs. 45 & 63]

  The procedural history of the case is as follows. On October 14, 2009, the Court denied Plaintiff's motion for partial summary judgment on Count Five, a breach of contract claim in which Plaintiff alleges that Defendant George DeVack breached an agreement to purchase Plaintiff's minority interest in their jointly-owned business, OLM, LLC. In so holding, the Court stated as follows:

> [I]t is not common practice to form contracts for $2.85 million business deals on the basis of two sentence emails stating only the purchase price. "[W]here 'the memorandum appears [to be] no more than a statement of some of the essential features of a proposed contract and not a complete statement of all the essential

terms,' the plaintiff has failed to prove the existence of an agreement." Suffield Dev., 243 Conn. at 843, quoting Westbrook v. Times-Star Co., 122 Conn. 473, 481 (1937). The parties would have reasonably anticipated additional negotiation of terms before an enforceable contract came into being, an understanding which was made explicit when Defendant stated, "We will get back to you soon with what terms we can offer." Furthermore, as a practical matter, it would hamper contract negotiation if expressing agreement to any significant term, such as price, immediately formed a binding contract, even in the face of an express statement, such as the one found in Defendant's email, that other terms remain outstanding.

[Doc. 45 at 6][1]

Defendant did not cross-move for summary judgment on Count Five. However, Defendant subsequently filed a Motion for Judgment on the Pleadings as to Counts 1 - 4 and 6, which the Court granted on December 3, 2010. [Doc. 63] The Court held that Counts 1- 4 and Count 6 stated causes of action that were derivative in nature or sought relief against the limited liability company itself, and thus OLM was a required party under Federal Rule of Civil Procedure 19. However, because the citizenship of a limited liability company is that of each of its members, OLM could not be joined without destroying diversity, leaving the Court without subject matter jurisdiction. Because the Court concluded that OLM was a required party whose joinder was not feasible and without whom the action could not in equity and good conscience be permitted to proceed, Counts 1 - 4 and Count 6 were dismissed without prejudice to re-filing in state court. Thus, Count Five for breach of contract, which does not implicate OLM, LLC and over which the Court does have diversity jurisdiction, is the only remaining claim in this matter.

In the ruling dismissing all but Count Five, the Court directed the parties to confer and to jointly file with the Court a proposal for the deadlines in the case going forward. [Doc. 63 at 10]

---

[1] Because this Court's subject matter jurisdiction is based upon diversity of citizenship, the substantive law of Connecticut controls the rights and obligations of the parties.

2

The parties complied, jointly filing a proposal on January 14, 2011 that a final pre-trial conference be held the week of March 21, 2011, and that the 1-2 day bench trial be set for the week of May 9, 2011. [Doc. 64] The Court adopted the requested deadlines and scheduled the matters accordingly, requesting that counsel call chambers by March 14, 2011 to advise the Court regarding the anticipated areas of discussion at the pre-trial conference. On March 14, 2011, Plaintiff filed the instant motion to voluntarily dismiss the remaining claim, Count Five, without prejudice. [Doc. 66] Plaintiff represents that it intends to re-file Counts 1-4 and 6 in state court [Doc. 66 at ¶ 4] but to date, he has not yet done so. Plaintiff seeks the voluntary dismissal in order to "avoid trying the parties' disputes two times in two courts" [Doc. 66 at 2], arguing that Defendant will not be prejudiced thereby, financially or otherwise, and that doing so would serve the interests of judicial economy.

The pre-trial conference was canceled to permit briefing on the motion. Defendant opposes the motion to dismiss without prejudice, arguing that given the degree to which the case has progressed, Plaintiff's request is untimely and Defendant is entitled to a trial on the merits if Plaintiff will not agree to a dismissal with prejudice. [Doc. 68] Defendant questions whether Plaintiff will, in fact, re-file the previously dismissed claims in state court, and further maintains that even if Plaintiff does so, the breach of contract claim is factually distinct from the derivative claims against OLM, LLC, and thus "no efficiency will be realized [by dismissing Count Five without prejudice so that it can be re-filed in state court] because there will be no overlap in proof at trial." [Doc. 68 at 3] Finally, Defendant argues, given the Court's ruling on Plaintiff's partial summary judgment motion, as quoted above, that Plaintiff may be seeking this dismissal without prejudice in order to avoid what it anticipates will be an adverse decision at trial, in order

to have the opportunity relitigate the breach of contract claim before a different fact finder.

In addition to briefing and decision on the motion for partial summary judgment and the motion for judgment on the pleadings, there have been numerous motions to compel and for sanctions. The case has been pending for over three years. Discovery, including depositions, is now complete, and a one to two day trial is scheduled to begin on May 9, 2011, for which Defendant has presumably been preparing since the parties jointly agreed to that date back in January. It is against this background that the Court considers Plaintiff's request to dismiss without prejudice.

**STANDARD**

Federal Rule of Civil Procedure 41(a)(2) provides that "Except as provided in Rule 41(a)(1)[2], an action may be dismissed at the plaintiff's request only by a court order, on terms the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Voluntary dismissal without prejudice is . . . not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)

---

[2] Federal Rule of Civil Procedure 41(a)(1) provides that, until the opposing party has served an answer or a motion for summary judgment, a plaintiff can unilaterally and without court order voluntarily dismiss an action without prejudice simply by providing notice. Here, Defendant has filed and served an answer [Doc. 14], so a court order is required to dismiss the case, unless a stipulation of dismissal is signed by all parties who have appeared, a stipulation that Defendant in the case at bar vehemently rejects.

4

(citations omitted).

**DISCUSSION**

A.      Plaintiff's Diligence in Bringing the Motion

Plaintiff maintains that he was diligent in bringing this motion for voluntary dismissal because it was brought "only three months after the Court dismissed five of [the] six claims against Defendant," and because trial is still "almost two months away." [Doc. 66 at 2] However, in January, *after* the Court's ruling dismissing the other five counts had already issued, Plaintiff and Defendant jointly submitted to the Court the proposed trial dates that the Court adopted. If Plaintiff desired to dismiss the remaining claim without prejudice, it would have been diligent to make the motion to do so soon after learning of the Court's decision regarding the other claims, rather than to proceed for several months as if Plaintiff intended to go to trial, allowing Defendant to continue to incur costs in reliance on that representation, only to seek to dismiss its remaining claim without prejudice on the eve of the final pre-trial conference which the parties had jointly requested.

B.      Undue Vexatiousness on Plaintiff's Part

In *Soul Circus, Inc. v. Trevanna Entm't, Inc.*, 249 F.R.D. 109 (S.D.N.Y. 2008), the court denied plaintiff's Rule 41(a)(2) motion for voluntary dismissal, even though the case was only four months old, because the motion was made mere days after the court, in the course of a settlement conference, had made a negative assessment of plaintiff's likelihood of success on the merits. The Court concluded that plaintiff had been unduly vexatious in that it was seeking to avoid a negative result. Without expressing any view on the likely outcome of the impending trial in this case, this Court agrees with Defendant's assessment that Plaintiff might be seeking to

avoid, through this last minute motion for voluntary dismissal without prejudice, what it anticipates based on the summary judgment ruling may be an adverse ruling at the upcoming bench trial.  If Plaintiff seeks to dismiss at this late stage in order to gain a second opportunity to litigate its breach of contract claim before a state court judge or jury, that would be an improper and vexatious use of Rule 41(a)(2).  That possibility – I put it no higher than that – is sufficiently plausible to be factored into the resolution of this motion.

C.      Extent to which the Suit has Progressed, and the Duplicative Expense of Relitigation

"The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of 'primary importance.'" *Omega Inst., Inc. v. Universal Sales Sys., Inc.*, No. 08-cv-6473, 2010 U.S. Dist. LEXIS 10296, *12 (W.D.N.Y. Feb. 5, 2010) (citation omitted).  This is so in part because the length of time which an action has been pending goes to the extent which a defendant will be prejudiced by a dismissal without prejudice.

Typically, when a Rule 41(a)(2) motion for voluntary dismissal without prejudice is denied, it is because the case has been ongoing for years, significant time and resources have been invested such that the defendant will be prejudiced by dismissal, and/or the case is at or near trial.  In *Zagano,* for example, which states the applicable test, the Second Circuit affirmed as a proper exercise of discretion the district court's denial of a Rule 41(a)(2) motion for voluntary dismissal without prejudice where the case had been ongoing for four years and trial was imminent.  900 F.2d at 14.  That is the case here as well.  As described above, this case had been pending for three years and three months before the motion for voluntary dismissal was filed.  Documents have been exchanged, depositions taken, and discovery is now complete.  There have been several changes of counsel.  Numerous motions to compel and for sanctions

have been briefed, and the Court has issued rulings on two substantive motions, including the motion for partial summary judgment and the motion for judgment on the pleadings. Trial has been scheduled and is imminent. Given the degree to which the case has progressed, Defendant will be unduly prejudiced by dismissal without prejudice at this late stage, considering that it then may have to duplicate its efforts and expense in defending the same breach of contract claim again, this time in state court.

D.   Adequacy of Plaintiff's Explanation for the Need to Dismiss

The Plaintiff's explanation of its need to dismiss Count Five without prejudice is unpersuasive. Plaintiff seeks the voluntary dismissal in order to "avoid trying the parties' disputes two times in two courts." [Doc. 66 at 2] In response, Defendant questions whether Plaintiff will, in fact, re-file the previously dismissed claims in state court, and further maintains that even if Plaintiff does so, the breach of contract claim is factually distinct from the derivative claims against OLM, LLC, and thus "no efficiency will be realized [by dismissing Count Five without prejudice so that it can be re-filed in state court] because there will be no overlap in proof at trial." [Doc. 68 at 3]

In ruling on the motion for judgment on the pleadings, the Court concluded Counts 1 - 4 and 6 sought relief against OLM, LLC rather than simply against Defendant personally, making OLM a necessary party with regard to those counts, and leading to their dismissal because OLM could not be joined without destroying diversity jurisdiction. In so holding, the Court necessarily concluded that those derivative claims regarding the alleged mismanagement of OLM over the course of many years were separate and separable from the breach of contract claim against Defendant DeVack, which related to his alleged failure to honor a 2004 purchase agreement with

Plaintiff. The subset of facts which will be relevant and necessary to deciding Count Five at trial are much more limited than, and are largely distinct from, those which would be necessary to decide the derivative claims if they are re-filed in state court.

**CONCLUSION**

Plaintiff's Motion to Dismiss without Prejudice [Doc. 66] is DENIED. The bench trial regarding the remaining claim shall go forward as scheduled, beginning May 9, 2011, unless the parties file a stipulation of dismissal before then. If the parties still desire a pre-trial conference, they should contact the Court after April 20, 2011 to schedule it.

It is SO ORDERED.

Dated: New Haven, Connecticut

April 11, 2011

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge